UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

BERNARD WALKER,            )
                           )
                           )
    Plaintiff,             )
                           )
    v.                     )    13-CV-1383
                           )
S.A. GODINEZ, et al.,      )
                           )
                           )
    Defendants.            )
                           )

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Danville Correctional Center seeks leave to proceed in forma pauperis. The Court is required by § 1915A to review Plaintiff's complaint, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiff alleges that he has wrongfully been kept in prison beyond his release date, as a result of Defendants' fraud, misapplication of state statutes, and discrimination against Plaintiff because Plaintiff is a sex offender. Plaintiff seeks immediate release and money damages.

"Attacks on the fact or duration of confinement come under [28 U.S.C.] § 2254." Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003). Plaintiff cannot challenge his custody through an action under 42 U.S.C. § 1983. The only federal route available for that challenge is a habeas corpus action, but Plaintiff cannot pursue that route until he has exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A); Rules Governing § 2254 Cases, Rule 9. Plaintiff's claim challenging his custody must therefore be dismissed without prejudice.

Plaintiff also alleges that his access to the prison law library is inadequate. "The right of access . . . is not 'an abstract freestanding right to a law library or legal assistance.'" In re Maxy, 674 F.3d 658, 661 (7th Cir. 2012). An access to the courts claim arises only if Plaintiff suffered an "actual injury"—that is, Plaintiff was unable to pursue a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 351

(1996); May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). No plausible inference arises that the lack of library access rendered Plaintiff unable to pursue a nonfrivolous claim.

Plaintiff also alleges that Defendants have been deliberately indifferent to his safety by putting him in segregation instead of releasing him, which Plaintiff contends broadcasts to other inmates that Plaintiff is a sex offender. The Eighth Amendment protects inmates from deliberate indifference to a substantial risk of serious harm. Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011). However, no plausible inference arises that Plaintiff's placement in segregation puts Plaintiff at a substantial risk of serious harm.

IT IS THEREFORE ORDERED:

    1) The merit review hearing is cancelled.

    2) Plaintiff's complaint is dismissed without prejudice. This case is closed.

    3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed, but that fee may be paid in installments. Plaintiff's petition to proceed in forma pauperis, which was denied by the Northern District before this case was

transferred, is hereby revived.  **The clerk is directed to show Plaintiff's petition to proceed in forma pauperis as pending. The clerk is further directed to enter the standard order collecting the filing fee in installments.**

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 8/29/2013

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE